TERMINAL WAREHOUSE OF NEW JERSEY, INC., A N. J. CORP., LANGER TRANSPORT CORP., A N. J. CORP., ARM REALTY CORP., A N. J. CORP. AND REGNAL REALTY CO., INC., A N. J. CORP., PLAINTIFFS-APPELLANTS, v. PHOENIX INSURANCE COMPANY, A CORP., DEFEND-ANT-RESPONDENT, AND WESTCHESTER FIRE IN-SURANCE COMPANY, A CORP., DEFENDANT.

Argued May 4, 1970—Decided June 22, 1970.

*Mr. Gerald H. Baker* argued the cause for appellants (*Messrs. Baker, Garber, Chazen* and *Duffy,* attorneys).

*Mr. Samuel A. Gennet* argued the cause for respondent..

PER CURIAM. We granted certification to review an order of the Appellate Division dismissing an appeal as out of time. *55 N. J.* 168 (1969).

Plaintiffs, having sustained a fire loss, sued two insurance companies on policies they had issued. The jury returned a verdict in favor of defendant Phoenix Insurance Company and against defendant Westchester Fire Insurance Company for $1,000. Judgment was entered accordingly on March 24, 1969. On March 31 plaintiffs moved before the trial court for judgment notwithstanding the verdicts and alternatively for a new trial either as to damages only or as to all issues. On April 30 the trial court denied the motion as to Phoenix but granted the motion to enter judgment for $5,000 against Westchester notwithstanding the verdict of $1,000.

Phoenix and Westchester were and are represented by the same counsel. On June 14 Westchester filed a notice of appeal from the judgment "entered on April 30, 1969" and on June 20 filed an amended notice of appeal, amended to refer also to the original judgment entered on the jury verdict. On June 24 plaintiffs filed a notice of "cross-appeal" against Phoenix. Phoenix moved to dismiss plaintiffs' appeal claiming it was out of time. Not being a party to the appeal taken by Westchester, Phoenix contended plaintiffs' notice of "cross-appeal" was merely an effort to originate an appeal against Phoenix after the 45-day time limit for appeals from the final judgment against it, *R.* 2:4–1(a), had expired. The Appellate Division granted the motion of Phoenix to dismiss plaintiffs' appeal.

Plaintiffs seek to rely on *R.* 2 :4–2 (a) which permits a cross-appeal to be taken within 15 days after the service of the notice of appeal. Phoenix argues that the cross-appeal provision cannot enlarge plaintiffs' time to appeal as against a non-appealing defendant who was not a named party to the co-defendant's appeal. Plaintiffs counter that, if this is so, a party situated as they were is in a difficult position when the party is content to accept the final result of the trial if none of several defendants appeal but wants to keep all defendants in the case if any of them does appeal. In such circumstances, if one defendant appeals on the last day, the plaintiff would be hard put to serve and file a notice of appeal upon other defendants that same day, and of course would be wholly blocked if the time for appeal had already expired as to the non-appealing defendants. Hence plaintiffs urge that in such circumstances an appeal by one party should enable a respondent to that appeal to proceed against any other party within the 15-day period which *R.* 2 :4–2 (a) prescribes for a cross-appeal. Otherwise, plaintiffs say, litigants in a multi-party suit will be obliged to take appeals solely to protect against the contingency of a later appeal by another party. Plaintiffs' position makes sense. We need not, however, say whether the rules as presently phrased will bear that construction for we are satisfied that plaintiffs' appeal against Phoenix should have been permitted upon still another basis.

It is agreed the "cross-appeal" was served and filed within 30 days after the expiration of the 45-day period following the entry of final judgment against Phoenix.[1] *R.* 2 :4–4 (a) permits an extension of the time for appeal "upon a showing of good cause and the absence of prejudice * * * for a period not exceeding 30 days, but only if the notice of appeal * * * was in fact served and filed within the time as extended." On June 24, the same day upon which the "cross-appeal" was

---

[1] The time for appeal was tolled by the motion for a new trial as to Phoenix. *R.* 2 :4–3 (e).

served on Phoenix, plaintiff gave notice of motion to counsel for both defendants for an order dismissing the appeal of Westchester "and, if the Court deems it necessary with respect to a Notice of Cross-Appeal filed by plaintiffs-respondents-cross-appellants on or about June 24, 1969, for an order granting to the plaintiffs-respondents-cross-appellants leave to file a cross-appeal" as to Phoenix. We think the circumstances of this case revealed good cause, and there is no reason to say that Phoenix was prejudiced by the brief time interval here involved. The motion for leave to appeal within time as to Phoenix should have been granted.

The order dismissing the appeal as to Phoenix is reversed and the matter remanded to the Appellate Division for further proceedings not inconsistent herewith.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance*—None.