153 N.J. Super. 86 (1977)
379 A.2d 60
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BENJAMIN HARPER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 20, 1977.
Decided October 3, 1977.
*87 Before Judges HALPERN, LARNER and KING.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Marshall L. Gates, Assistant Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Anthony J. Parrillo, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
This is an appeal from convictions on a three count indictment charging possession of a loaded revolver, *88 brass knuckles, and a bludgeon, while being a previously convicted criminal, in violation of N.J.S.A. 2A:151-8. Following a finding of guilty in a non-jury trial defendant was sentenced to three concurrent 360 day terms in the Bergen County jail. Defendant challenges the propriety of the convictions, asserting his prior conviction for entering without breaking is not a crime specifically enumerated in N.J.S.A. 2A:151-5, which offenses are incorporated by reference into N.J.S.A. 2A:151-8 and provide the basis for criminal liability under that section. Defendant also asserts the convictions, if valid, should merge because the weapons were possessed at the same time and in the same location.
Pursuant to a valid search warrant detectives entered and searched defendant's apartment. In the bedroom dresser they found a loaded revolver, brass knuckles and a bludgeon. The State proved defendant had been previously convicted in this jurisdiction of entry without breaking, with intent to steal, in violation of N.J.S.A. 2A:94-1. Defendant's motion for judgment of acquittal was denied and he advances the same grounds on this appeal.
Three statutes are pertinent to the problem posed. The section under which defendant was convicted, N.J.S.A. 2A:151-8, provides:
Any person, having been convicted in this State or elsewhere of any crime enumerated in section 2A:151-5, * * * who * * * possesses * * * any firearms or any of the said dangerous instruments, is guilty of a misdemeanor.[1]
The crimes enumerated in N.J.S.A. 2A:151-5 are:
* * * an assault, robbery, larceny, burglary, breaking and entering, rape, murder, mayhem, arson, abduction, extortion, kidnapping, sodomy or treason, * * * *89 N.J.S.A. 2A:94-1 entitled "Breaking and entering or entering" provides:
Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, * * * with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
Defendant contends he was improperly convicted under N.J.S.A. 2A:151-8. He asserts he could only be guilty if the State proved he had been previously convicted of one of the offenses specifically enumerated in N.J.S.A. 2A:151-5. Subsection 5 specifically mentions breaking and entering, but defendant had been previously convicted of entering without breaking, which is not enumerated.
This court considered a similar question in State v. Quinones, 140 N.J. Super. 237 (App. Div. 1976), certif. granted, 73 N.J. 39 (1976). There the defendant was convicted of manslaughter while armed and received a concurrent sentence for the "armed" feature, as permitted by N.J.S.A. 2A:151-5, which also provides for enhanced punishment for those who commit the enumerated crimes while armed. Defendant contended the sentence for the "armed" feature was illegal because N.J.S.A. 2A:151-5 did not specifically mention manslaughter. The court in State v. Quinones, supra, in affirming the additional sentence, noted the principle generally requiring strict construction of criminal statutes but stated that "they should be interpreted in such a way as to effect the statutory scheme and intent and not to reach an absurd or impractical result." Id. at 241.
The obvious legislative intent of N.J.S.A. 2A:151-8 was to deter those previously convicted of serious crimes from possessing dangerous weapons. The Legislature has classified "entry without breaking" in the same serious category as "breaking and entering," a high misdemeanor under N.J.S.A. 2A:94-1. We cannot accept the argument that the Legislature intended to distinguish between *90 those previously convicted of violations of N.J.S.A. 2A:94-1 apprehended in possession of dangerous weapons, on the basis of whether or not they "broke" before they entered with a felonious intent, for purposes of identifying a particular class of previously convicted persons and establishing a specific punishment for that class under N.J.S.A. 2A:151-8. We conclude the legislature intended the term "breaking and entering" in N.J.S.A. 2A:151-8 as a generic description of crimes enumerated in the statute entitled "Breaking and entering or entering." N.J.S.A. 2A:94-1. All crimes described in N.J.S.A. 2A:94-1 were considered equally serious for punishment purposes and we do not believe the Legislature intended different classifications for those persons convicted under that section who were later apprehended in possession of dangerous weapons.
In the alternative defendant contends the three counts of the indictment separately charging possession of the revolver, brass knuckles, and bludgeon should merge. These weapons were found in the same place, the bedroom dresser, and at the same time, upon execution of the search warrant. Defendant's contentions on the merger issue are supported by two recent opinions of this court, State v. Gaines, 147 N.J. Super. 84 (App. Div. 1975), aff'd o.b. sub nom. State v. Powers, 72 N.J. 346 (1977), and State v. Sempsey, 141 N.J. Super. 317 (App. Div. 1976). Defendant's position is also consistent with the approach to merger questions adopted by our Supreme Court in State v. Best, 70 N.J. 56 (1976), and State v. Davis, 68 N.J. 69 (1975). The offenses charged in the three-count indictment merge. The sentences imposed concurrently on counts two and three are vacated, and the judgment of the trial court is modified, and as modified, is affirmed.
NOTES
[1] Bludgeons, knuckles and firearms are admittedly all proscribed weapons under the statute.