STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
FRANKIE SANCHEZ, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 6, 1981—Decided November 13, 1981.
Rehearing Argued January 19, 1982—Decided February 18, 1982.

Before Judges FRITZ, ARD and TRAUTWEIN.

*Stephen A. Caruso,* Assistant Deputy Public Defender, argued the rehearing for appellant (*Stanley C. Van Ness,* Public Defender, attorney; *Pamela D. Hayes,* Assistant Deputy Public Defender, on the letter brief for the appeal; *Stephen A. Caruso* of counsel and on the letter brief for the rehearing).

*Arlene R. Weiss,* Deputy Attorney General, argued the rehearing for respondent (*James R. Zazzali,* Attorney General, and *John J. Degnan,* former Attorney General, attorneys; *Arlene R. Weiss* of counsel and on the briefs for the appeal and the rehearing).

The opinion of the court was delivered by

ARD, J. A. D.

Defendant appears before us for the second time in this matter. In Docket A–268–77, decided March 28, 1979, he contended, among other things, that the several offenses charged

should have merged. We found merit in the argument, and in an unpublished opinion, we held three of the convictions merged with a fourth conviction.

Originally, defendant was charged in a four-count indictment: count 1, illegal possession of a dangerous knife (*N.J.S.A.* 2A:151–41(c)); count 2, an assault with intent to kill (*N.J.S.A.* 2A:90–2), while armed (*N.J.S.A.* 2A:151–5); count 3, an atrocious assault and battery (*N.J.S.A.* 2A:90–1), and count 4, an assault with an offensive weapon (*N.J.S.A.* 2A:90–3). He was found guilty on all counts and was sentenced on each count. The aggregate term of the sentences on the four counts totaled no less than 20 nor more than 22 years. As indicated, we held that all of the charges merged with count 2, *i.e.*, assault with intent to kill (*N.J.S.A.* 2A:90–2), while armed (*N.J.S.A.* 2A:151–5). The aggregate sentence on count 2 amounted to a term of not less than 20 years nor more than 22 years. The merger did not reduce the overall aggregate sentence.

After the effective date of the New Jersey Code of Criminal Justice, defendant filed a motion to review his sentence. *N.J. S.A.* 2C:1–1d(2). The motion was transferred to the three-judge Resentencing Panel which was constituted by directive of the Supreme Court (see 104 *N.J.L.J.* 489 (December 6, 1979)). After conducting a hearing the Panel concluded that the remaining conviction, assault with intent to kill while armed, comprises two separate offenses under the newly enacted Code of Criminal Justice. It found the congruent offense for assault with intent to kill (*N.J.S.A.* 2A:90–2) to be attempted murder under *N.J. S.A.* 2C:11–3 and *N.J.S.A.* 2C:5–1. It also determined that the pre-Code charge of being armed while committing the crime (*N.J.S.A.* 2A:151–5)[1] found its equivalent under the Code in the crime of possession of a weapon for an unlawful purpose proscribed by *N.J.S.A.* 2C:39–4 d. The Panel, after making an implicit finding of good cause, granted the reduction request

---

[1]Repealed by *N.J.S.A.* 2C:98–2, effective September 1, 1979.

and imposed a ten-year sentence for the attempted murder conviction and an additional five-year sentence for possession of a weapon for an unlawful purpose. It determined his total sentence to be 15 years and further found he should not be eligible for parole for a period of 5 years. Defendant appeals and urges the following:

POINT I—The Resentencing Panel erred by adding an additional five years onto defendant's ten year sentence for attempted murder.

POINT II—The sentence imposed by the Resentencing Panel below was manifestly excessive.

In making its determination of equivalency, the Panel rationalized that the congruent offense for assault with intent to kill is attempted murder under the Code. A criminal attempt in the case of murder is an offense of the second degree which carries a maximum penalty of ten years. *N.J.S.A.* 2C:11–3; *N.J.S.A.* 2C:5–1 and 4; *N.J.S.A.* 2C:43–6 a(2). Defendant does not dispute this determination and we do not disagree.

In addition, the Panel sentenced the defendant to an additional five years for possessing a weapon with the purpose of using it unlawfully against the person of another, in violation of *N.J.S.A.* 2C:39–4. It theorized that *N.J.S.A.* 2C:39–4 was the congruent offense for the enhanced penalty provision permitted under *N.J.S.A.* 2A:151–5 for committing a crime "while armed." It is this latter determination which causes us difficulty.

The New Jersey Code of Criminal Justice abolished all crimes, both statutory and common law, except those defined by the Code or another statute. *N.J.S.A.* 2C:1–5 a. Prior to the Code, under *N.J.S.A.* 2A:151–5, an individual who employed a weapon while committing certain crimes was subject to an enhanced penalty as a result of being armed. The Code does not contain a like provision. Instead of a general enhancement statute, the Code provides for individual increased penalties for certain crimes. *See, e.g., N.J.S.A.* 2C:15–1 b, elevating robbery from second to first degree if the actor was armed; *N.J.S.A.* 2C:18–2 b(2), designating burglary as a second degree crime rather than third degree if a weapon is utilized; *N.J.S.A.* 2C:14–2 a(4),

designating a sexual assault as "aggravated" if a weapon is employed.

The homicide chapter, unlike the aforementioned statutes, does not contain a provision enhancing penalty for murder committed while armed. *See N.J.S.A.* 2C:11–1 *et seq.* Apparently, the Legislature, in enacting the penalties for each degree of homicide, assumed the use of a weapon and in setting the maximum penalties saw no reason for an enhancement provision. As indicated, attempted murder, under *N.J.S.A.* 2C:11–3 and *N.J.S.A.* 2C:5–1 and 4, is a crime of the second degree and punishable for a specific term between five years and ten years. *N.J.S.A.* 2C:43–6 a(2). There is no provision in the statute for an increase in the sentence for being armed.

We cannot depict *N.J.S.A.* 2C:39–4, which interdicts possession of weapons for unlawful purposes, as a sentence enhancement statute. This statute is not intended to allow an additional sentence for being armed, but rather proscribes a separate substantive crime. As indicated in the Historical Note, its source is *N.J.S.A.* 2A:151–41 (carrying a weapon without a permit) and *N.J.S.A.* 2A:151–56 (unlawful use of dangerous weapons). A violation of *N.J.S.A.* 2C:39–4 is a crime. The Historical Note indicating the source of the statute is of some importance in determining the question of equivalency or congruency.

However, we consider the nature of *N.J.S.A.* 2A:151–5 to be the most significant factor in our determination. *N.J.S.A.* 2A:151–5 does not establish an independent substantive crime. In that regard, language in Judge Botter's opinion in *State v. James*, 165 *N.J.Super.* 173 (App.Div.1979), certif. den. 81 *N.J.* 343 (1979) is revealing:

> ... *N.J.S.A.* 2A:151–5 does not establish an independent substantive offense but merely authorizes the imposition of an enhanced sentence for certain specified offenses committed by a person while armed with a dangerous weapon. *State v. Gibson*, 150 *N.J.Super.* 351, 356 (App.Div.1977), certif. den. 75 *N.J.* 20 (1977); *State v. Quinones*, 140 *N.J.Super.* 237 (App.Div.1976), aff'd *per curiam* 75 *N.J.* 391 (1978). Separate sentences must be imposed for the robbery and the armed feature. *State v. Cianci*, 18 *N.J.* 191, 194 (1955), *cert.* den. 353 *U.S.* 940,

77 *S.Ct.* 819, 1 *L.Ed.2d* 763 (1957). Nevertheless, robbery remains the substantive crime and *N.J.S.A.* 2A:151–5 merely authorizes an increase in the penalty for committing that crime while armed. The violation of *N.J.S.A.* 2A:151–5 does not constitute a misdemeanor or high misdemeanor by itself. [at 180–181]

We conclude that the offense of attempted murder under the Code, unlike some *N.J.S.A. Title* 2C offenses, does not contain a provision for sentence enhancement. In the instant case *N.J.S.A.* 2C:39–4 is not the congruent offense of *N.J.S.A.* 2A:151–5. We agree with defendant's assertion that the additional five-year sentence under *N.J.S.A.* 2C:39–4 was error. That portion of the sentence is vacated. We will not interfere with the Panel's determination with respect to parole eligibility.

■ The State's alternative argument on the rehearing is that this court erred in vacating the sentence on November 13, 1981 without making a *de novo* determination of good cause. We again disagree. Once the Resentencing Panel was satisfied that defendant's motion for resentencing met the jurisdictional requirements of *N.J.S.A.* 2C:1–1 d(2), including that of "good cause shown," it was at liberty to determine the congruent offense for assault with intent to kill and to resentence the defendant. In vacating part of the Panel's sentence as illegal, we find no duty incumbent upon this court to make a second determination on the question of "good cause." Furthermore, the State failed to file a cross-appeal. *R.* 2:3–4(a). It is foreclosed from questioning that determination at this late date. *R.* 2:4–2(a); *Terminal Warehouse of N. J. v. Phoenix Ins. Co.*, 56 *N.J.* 314, 316 (1970).

■ Finally, we are of the opinion that the sentence, as it now stands, is not unduly punitive nor a mistaken exercise of the discretion vested in the Panel. *State v. Whitaker*, 79 *N.J.* 503, 511 (1979).

The ten-year sentence imposed by the Resentencing Panel for attempted murder is affirmed as is the parole eligibility determination. The five-year sentence for possession of a weapon for an unlawful purpose is vacated. The matter is remanded for entry of modified judgment of conviction. We do not retain jurisdiction.