**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4570-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JEFFERY RICHARDSON,
a/k/a JEFFERY OSBORNE
RICHARDSON, JEFFREY
RICHARDSON, JEFFREY
RICHRARDSON, JEFFEY
RICHRARDSON, and
J-THUG,

     Defendant-Appellant.

_____

         Submitted November 4, 2020 – Decided December 3, 2020

         Before Judges Yannotti and Mawla.

         On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 12-04-1144.

         Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an order dated March 8, 2019, which denied his petition for post-conviction relief (PCR). We affirm in part, reverse in part, and remand for resentencing on count six.

I.

Defendant was charged under Essex County Indictment No. 12-04-1144 with third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count four); fourth-degree possession of hollow-point bullets, N.J.S.A. 2C:39-3(f) (counts five and seven); second-degree possession of an assault firearm, N.J.S.A. 2C:39-5(f) (count six); fourth-degree possession of a certain weapon, a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j) (count eight); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count ten). Co-defendant

Colby Richardson (Colby) was charged with these offenses, as well as second-degree eluding, N.J.S.A. 2C:29-2(b) (count one).[1]

Defendant and Colby were tried before a jury in September 2014. We briefly summarize the evidence presented at trial, as set forth in our opinion on defendant's direct appeal. State v. Richardson (Richardson I), Nos. A-4021-14, A-4026-14 (App. Div. June 23, 2017) (slip op. at 5-9). On July 21, 2011, the Newark Police responded to a report that armed men, wearing gloves, had been seen in a red vehicle in an area of Irvine Turner Boulevard. Id. at 5. The officers observed a red Ford Taurus with three occupants and noticed that the driver was wearing gloves. Ibid.

A detective turned his patrol car and pulled up behind the vehicle, which immediately sped off. Ibid. After the ensuing chase, the occupants of the Taurus exited the moving car and fled on foot. Ibid. A detective saw the rear-seat passenger fleeing and pursued him on foot. Id. at 6. The detective apprehended and arrested the suspect, who was later identified as defendant. Ibid. Back-up officers spotted and arrested the driver of the Taurus, who was later identified as defendant's brother, Colby. Ibid.

---

[1] We use Colby's first name because he and defendant share a common surname.

While examining the Taurus, the police noticed the ignition had been damaged. Ibid. Inside the vehicle, the police found a .45 caliber handgun, a rifle, a high capacity magazine, and a screwdriver. Id. at 6-7. At the scene, the police also recovered gloves, bandanas, cellphones, and a cap. Id. at 7. A ballistics expert testified that both guns were operable, and their serial numbers had been obliterated. Ibid. The State presented testimony from a scientist who linked defendant's and Colby's DNA to items of clothing found at the scene. Ibid.

Defendant presented an expert forensic scientist who disputed the State's DNA evidence. Ibid. Colby testified he was not the driver of the Taurus and he did not possess the guns. Id. at 8. Defendant also denied owning or using the Taurus or possessing the weapons. Id. at 9.

Defendant was found guilty on counts two, three, four, six, seven, and eight, and not guilty on count five. Colby was found guilty of the same offenses as defendant, and not guilty on counts one and five. Colby and defendant also were found guilty of resisting arrest, which was charged separately in counts nine and ten, respectively.

On count two, the trial court sentenced defendant to five years of imprisonment. On count three, the court imposed a fifteen-year term, with seven

4

and one-half years of parole ineligibility, to run consecutively to count two. On count four, the court sentenced defendant to eighteen months of imprisonment, to run consecutively to counts two and three.

On count six, the court imposed ten years of imprisonment, with five years of parole ineligibility, to run consecutively to counts two, three, and four. In addition, the court imposed eighteen-month terms of imprisonment on counts seven, eight, and ten to run concurrently with counts two, three, and four. The resulting sentence is an aggregate prison term of thirty-one years and six months, with twelve years and six months of parole ineligibility.

The trial court entered a judgment of conviction (JOC) dated February 23, 2015, and an amended JOC dated February 27, 2015. Defendant appealed the conviction and argued that the trial court erred by: (1) limiting his attorney's opening statement; (2) limiting cross-examination of a key witness; (3) denying his motion to dismiss count two charging receipt of stolen property; (4) committing cumulative errors that warranted a new trial; and (5) imposing a "draconian and unjust" sentence.

We rejected defendant's arguments and affirmed his convictions and sentences. Id. at 48. The Supreme Court later denied defendant's petition for certification. State v. Richardson, 231 N.J. 522 (2017).

## II.

Thereafter, defendant filed a pro se petition for PCR. The court assigned counsel for defendant and counsel filed a brief in which he argued: (1) the trial court erred by imposing multiple consecutive sentences for the contemporaneous possession offenses; (2) the imposition of consecutive sentences was unlawful; (3) the sentencing judge erred by finding aggravating factor eleven; (4) trial and appellate counsel were ineffective; and (5) defendant is entitled to an evidentiary hearing.

On March 8, 2019, Judge Marysol Rosero heard oral argument and placed her decision on the record. The judge found that defendant's sentencing arguments were barred by Rule 3:22-5; however, the judge addressed the merits of defendant's arguments. The judge found that the trial judge did not err by imposing multiple, consecutive sentences and adequately explained the reasons for the sentences. The judge also found defendant failed to present a prima facie case of ineffective assistance of counsel and therefore concluded he was not entitled to an evidentiary hearing.

The judge entered an order dated March 8, 2019, denying PCR. This appeal followed. On appeal, defendant argues:

A-4570-18T1

POINT I:
THE PCR COURT ERRED IN CONCLUDING THAT [DEFENDANT'S] CLAIMS WERE PROCEDURALLY BARRED.

POINT II:
THE PCR COURT ERRED IN CONCLUDING THAT NONE OF THE COUNTS SHOULD HAVE MERGED.

POINT III:
THE PORTION OF THE SENTENCE IMPOSING FIVE YEARS OF PAROLE INELIGIBILITY CONCERNING THE SIXTH COUNT WAS ILLEGAL. (Not raised below).

POINT IV:
[DEFENDANT] WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL BY VIRTUE OF BOTH HIS TRIAL AND APPELLATE COUNSEL'S FAILURE TO POINT OUT THAT THERE WAS NO SUPPORT IN THE RECORD FOR THE CONCLUSION THAT THE WEAPONS WERE OBTAINED AT DIFFERENT TIMES AND FOR DIFFERENT PURPOSES.

POINT V:
[DEFENDANT] WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL BY VIRTUE OF HIS APPELLATE COUNSEL'S FAILURE TO POINT OUT THAT CONSECUTIVE AND MAXIMUM SENTENCING SHOULD NOT ORDINARILY BE COMBINED.

Defendant has filed a pro se supplemental brief in which he argues:

A-4570-18T1

[POINT I]
THE PCR COURT ERRED WHEN DENYING RELIEF FOR [AN] ILLEGAL SENTENCE WITH REGARDS TO MERGER OF WEAPONS OFFENSES, ALTHOUGH THEY WERE SIMULTANEOUSLY POSSESSED.

[POINT II]
ON PETITION FOR POST CONVICTION RELIEF, THE TRIAL COURT ERRED WHEN DENYING RELIEF WITH REGARDS TO MERGER BASED ON THIS COURT'S (APPELLATE DIVISION) PREVIOUS AFFIRMATION OF [DEFENDANT'S] SENTENCE, SINCE ARGUMENTS THERE STEM FROM [YARBOUGH] - CONCURRENT OPPOSE[D] TO CONSECUTIVE SENTENCING. (Not Raised Below).

[POINT III]
THE PCR COURT ERRED WHEN IMPOSING GRAVES ACT SENTENCING ON COUNT [SIX]; THERFORE [THE] SENTENCE IS ILLEGAL.

[POINT IV]
THE ESSEX COUNTY PROSECUTOR'S OFFICE HAS FORGOTTEN THAT THE DOMINANT, IF NOT PARAMOUNT[,] GOAL OF THE CODE IS UNIFORMITY IN SENTENCING.

[POINT V]
[THE] PCR COURT ERRED WHEN DENYING RELIEF WITH REGARDS TO THE HOLDING IN [MILLER], AS EXEMPLIFIED BY [STREATER], WHICH CAUSED DISPARITY.

III.

Defendant argues that the PCR court erred by finding his sentencing arguments are barred by <u>Rule</u> 3:22-5.  He contends his sentencing arguments are based on the trial judge's failure to merge offenses, an argument that we did not specifically address in our opinion on his direct appeal.  Defendant therefore contends he is not barred from asserting that his sentence is illegal.

We need not address defendant's contention that the PCR court erred by finding his sentencing claims barred under <u>Rule</u> 3:22-5.  As noted, the court addressed the merits and determined that the trial court did not err by refusing to merge counts two, three, four, and six.

"We follow a 'flexible approach' in merger issues that 'requires us to focus on the "elements of the crimes and the Legislature's intent in creating them," and on "the specific facts of each case."'"  <u>State v. Miller</u>, 237 N.J. 15, 32 (2019) (quoting <u>State v. Brown</u>, 138 N.J. 481, 561 (1994) (citations omitted)).  The overriding principle of our merger analysis "is that a defendant who has committed one offense 'cannot be punished as if for two.'"  <u>Ibid.</u> (quoting <u>Brown</u>, 138 N.J. at 561 (citations omitted)).  This approach requires

> analysis of the evidence in terms of, among other things, the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a

conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed.

[Id. at 33 (quoting State v. Davis, 68 N.J. 69, 81 (1975)).]

Moreover, "merger issues implicate a defendant's substantive state constitutional rights that are rooted in principles of double jeopardy, due process, or some other legal tenet. The purpose of merger is to avoid double punishment for a single wrongdoing." State v. Hill, 182 N.J. 532, 542 (2005) (quoting State v. Diaz, 144 N.J. 628, 637-38 (1996) (citations omitted)). However, "the Legislature may fractionalize a single criminal episode into separate offenses when the Legislature intends them to be punished separately and when the fractionalization does not offend constitutional principles." Miller, 237 N.J. at 33 (quoting State v. Mirault, 92 N.J. 492, 504 (1983)).

Defendant argues that the only evidence presented by the State was that a detective saw him in the Taurus, which was believed to have been stolen, and two weapons were found in the vehicle after he was apprehended. He argues that it was inappropriate to charge and convict him of four separate offenses where each charged offense was part of the same criminal episode. We disagree.

In our opinion on defendant's appeal, we rejected his contention that the trial judge erred by imposing consecutive sentences on counts two, three, four, and six. Richardson I, slip op. at 46-47. We stated that

> the judge rejected the argument [that] these crimes constituted a single event. He found the identified crimes were "separate and apart." Noting that there are no "free crimes," the judge found it would be "grossly unjust" were he to ignore the necessity to "provide for the safety of the general public" and imposed a consequence for the distinct offenses committed. The offenses of receipt of a stolen automobile, unlawful possession of a handgun, possession of a defaced firearm, and possession of an assault rifle occurred at separate times, and were not a single transaction, but each offense had distinct, independent objectives and involved separate threats of violence.
>
> [Id. at 46.]

Our discussion of defendant's contention regarding the imposition of consecutive sentences applies to defendant's merger argument.

In support of his contention that, at the very least, the weapons offenses should merge, defendant relies upon State v. Harper, 153 N.J. Super. 86 (App. Div. 1977). In that case, the defendant was charged under N.J.S.A. 2A:151-8 with unlawful possession of a loaded revolver, brass knuckles, and a bludgeon. Id. at 87-88. The statute made it unlawful for any person, who had been

A-4570-18T1

convicted of certain crimes, to possess any firearms or dangerous instruments. Id. at 88.

We held that the three counts of the indictment should merge. Id. at 90. We noted that the "weapons were found in the same place, the bedroom dresser, and at the same time, upon execution of the search warrant." Ibid. However, in Harper, the defendant was charged with three offenses under the same statute. Id. at 87-88.

Here, defendant was charged with unlawful possession of a handgun under N.J.S.A. 2C:39-5(b), possession of a defaced firearm under N.J.S.A. 2C:39-3(d) (count four); and possession of an assault firearm under N.J.S.A. 2C:39-5(f). These are separate offenses in the Code of Criminal Justice, which indicates the Legislature intended that these three offenses would be punished separately. Miller, 237 N.J. at 33 (citing Mirault, 92 N.J. at 504).

Defendant also relies upon State v. Lattimore, 197 N.J. Super. 197 (App. Div. 1984). There, the defendants were found guilty "of six [weapons] offenses, two involving a sawed-off shotgun and four involving two handguns." Id. at 206. We held the convictions for possession of the handguns without a permit to carry should merge. Id. at 214-15.

A-4570-18T1

We stated that "[t]he gravamen of the offense [was] the failure to have a permit" and if "a defendant had such a permit it would cover all handguns owned by him but not necessarily all handguns possessed by him . . . ." Id. at 215. We noted that there was no evidence as to the ownership of the guns and the co-defendants had constructive possession of the weapons. Ibid.

Defendant's reliance upon Lattimore is misplaced. In that case, the merged offenses pertained to the same type of weapon, namely handguns. Moreover, as we explained, the "gravamen of the offense [was] the failure to have a permit," and one permit would have covered all handguns owned by the person who possessed them. Ibid. Here, defendant has been found guilty of possessing a handgun, a defaced firearm, and an assault weapon.

## IV.

Defendant argues that the trial court erred by imposing five years of parole ineligibility for his conviction of unlawful possession of an assault firearm, in violation of N.J.S.A. 2C:39-5(f). Defendant contends that in 2011, when he committed the offense, N.J.S.A. 2C:43-6(c) required imposition of a mandatory minimum term of between "one-third and one-half of the sentence imposed by the court or three years, whichever is greater, or [eighteen] months in the case of a fourth degree crime, . . ."

13

The statute did not expressly include sentences for persons convicted under N.J.S.A. 2C:39-5(f).  In 2013, the Legislature amended N.J.S.A. 2C:43-6(c) to include persons convicted under N.J.S.A. 2C:39-5(f).  L. 2013, c. 113. The statute also was amended to provide that the minimum punishment "shall be fixed at one-half of the sentence . . . or [forty-two] months, whichever is greater, . . ."  Ibid.

The State asserts the trial court assumed that it was required to impose the five-year period of parole ineligibility on count six.  The State therefore agrees this aspect of the sentence is illegal and a remand for resentencing on count six is required.  The State notes, however, that before the 2013 amendment, N.J.S.A. 2C:39-5(f) was a second-degree offense and the trial court could have imposed a mandatory minimum sentence pursuant to N.J.S.A. 2C:43-6(b).

Accordingly, we vacate the minimum term imposed on count six and remand for resentencing on this count.  We express no view as to whether the trial court should impose a minimum term pursuant to N.J.S.A. 2C:43-6(b).

V.

Defendant also argues that the PCR court erred by finding he was not deprived of the effective assistance of trial and appellate counsel.  Defendant contends there was no support in the record for the trial court's statement that it

14

was "reasonable to assume" the defendant probably or "more than likely" obtained the weapons at different times "and surely for different purposes." Defendant argues that his trial and appellate counsel were ineffective in failing to highlight, or even mention, the alleged absence of support in the record for the trial court's findings.

A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under that test, a defendant first "must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. The defendant must establish that the attorney's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

The defendant also must show "that the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, the defendant must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability

is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 694.

When deciding whether to impose concurrent or consecutive sentences, the court considers the following guidelines established in State v. Yarbough, 100 N.J. 627, 643-44 (1985):

> (1) there can be no free crimes in a system for which the punishment shall fit the crime;
>
> (2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
>
> (3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>
>> (a) the crimes and their objectives were predominantly independent of each other;
>>
>> (b) the crimes involved separate acts of violence or threats of violence;
>>
>> (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>>
>> (d) any of the crimes involved multiple victims;
>>
>> (e) the convictions for which the sentences are to be imposed are numerous;

A-4570-18T1

(4) there should be no double counting of aggravating factors;

(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense . . . .[2]

The record shows that the trial court considered the Yarbough guidelines and found that consecutive sentences should be imposed on counts three, four, and six. There was sufficient evidence in the record to support the judge's finding that the weapons offenses were committed at different times or separate places and were not committed in "in a single period of aberrant behavior." Id. at 644.

As stated previously, in our opinion on defendant's direct appeal, we noted that the Newark Police had responded to a report of armed men wearing gloves in a red vehicle. Richardson I, slip op. at 5. They observed a red Ford Taurus with three occupants and one of the occupants was wearing gloves. Ibid. The police pulled up behind the Taurus, which immediately sped off. Ibid.

After a car chase, the occupants of the Taurus exited the vehicle and fled on foot. Ibid. The police pursued and arrested defendant and Colby. Id. at 6.

---

[2] Yarbough included a sixth guideline placing an "outer limit" on the cumulation of consecutive sentences. Id. at 644. This guideline was eliminated by an amendment to N.J.S.A. 2C:44-5(a) enacted in 1993. L. 1993, c. 223.

Upon returning to the Taurus, the police noted that its ignition was damaged, and inside the car they found a .45 caliber handgun, a rifle, a high capacity magazine, and a screwdriver. Id. at 6-7. At the scene, they also recovered gloves, bandanas, cellphones, and a cap. Ibid.

The evidence supported the judge's finding that the vehicle had been stolen before the chase and the apprehension of defendant and Colby. The evidence also supported the judge's finding that defendant and Colby had obtained the weapons separately, noting that the assault rifle had been registered to an individual in the western United States. Id. at 41, n.8.

Defendant has not shown that the trial judge probably would have reached a different decision on the imposition of consecutive sentences if defense counsel had argued the evidence did not support the conclusion that the crimes had been committed at different times and in different places. Defendant also has not shown that this court would have reached a different decision in addressing his argument regarding the consecutive sentences on appeal.

Defendant further argues appellate counsel was deficient in failing to argue that the imposition of consecutive sentences was inconsistent with State v. Miller, 108 N.J. 112 (1987). In that case, the Court stated that

> factors relied on to sentence a defendant to the
> maximum term for each offense should not be used

again to justify imposing those sentences consecutively. Where the offenses are closely related, it would ordinarily be inappropriate to sentence a defendant to the maximum term for each offense and also require that those sentences be served consecutively, especially where the second offense did not pose an additional risk to the victim.

[Id. at 122.]

Here, the trial court granted the State's motion for imposition of a discretionary extended term on count three, unlawful possession of a handgun. See N.J.S.A. 2C:44-3(a). The court imposed the maximum term on counts four and six, but not count three. Moreover, Miller does not preclude the sentencing court from imposing the maximum term for multiple offenses and requiring that they be served consecutively where the offenses pose different and additional risks. In sentencing defendant, the trial court noted that the offenses for which defendant was convicted involved separate threats of violence.

On direct appeal, we rejected defendant's contention that his sentences were "draconian and unjust" and affirmed the sentences. Richardson I, slip op. at 44, 48. Defendant also has not shown a reasonable probability the appeal would have been decided differently if his counsel had cited and relied upon Miller.

As noted, defendant has filed a pro se supplemental brief. We have considered his arguments, including his contention that there is an impermissible disparity between his sentence and the sentence imposed on the defendant in State v. Shelly, No. A-1758-15 (App. Div. May 31, 2017). We are convinced the arguments in defendant's pro se supplemental brief lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed in part, reversed in part, and remanded to the trial court for resentencing on count six in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4570-18T1