197 N.J. Super. 197 (1984)
484 A.2d 702
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY LATIMORE, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD WILLIAMS, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE PAYNE, DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE WADE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 28, 1984.
Decided October 24, 1984.
*205 Before Judges ANTELL and O'BRIEN.
Anthony J. Cariddi argued the cause for appellant Tyrone Payne (Joseph H. Rodriguez, attorney; Anthony J. Cariddi, of counsel and on the brief).
James R. Wronko, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; James R. Wronko, of counsel and on the brief).
*206 Joseph H. Rodriguez, Public Defender, attorney for appellant Anthony Latimore (Alfred V. Gellene, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Steven Kaflowitz, Deputy Attorney General, of counsel and on the brief).
Joseph H. Rodriguez, Public Defender, attorney for appellant Richard Williams (Bernard J. Recenello, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Robin D. Eckel, Deputy Attorney General, of counsel and on the brief).
Joseph H. Rodriguez, Public Defender, attorney for appellant Willie Wade (Cyril S. Hodge, of counsel and on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Steven Kaflowitz, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
Defendants were convicted after trial on Monmouth County Indictment No. 125-81 of six weapons' offenses, two involving a sawed-off shotgun and four involving two handguns. As to the shotgun, they were convicted of possession of a prohibited weapon in violation of N.J.S.A. 2C:39-3b (Count One), and possession of a shotgun with a purpose to use it unlawfully in violation of N.J.S.A. 2C:39-4a (Count Two). As to each of the handguns, defendants were found guilty of possession without obtaining a permit to carry in violation of N.J.S.A. 2C:39-5b and 2C:58-4 (Counts Five and Seven), and of possession of each handgun with a purpose to use it unlawfully in violation of *207 N.J.S.A. 2C:39-4a (Counts Six and Eight).[1] Each defendant[2] has appealed. We affirm the convictions as modified by merger and remand as to some of the sentences imposed.
Since all four defendants were convicted of the same offenses which arise out of the same factual circumstances and defendants advance similar appellate arguments, we have consolidated their appeals sua sponte. To the extent that a particular argument applies to only one defendant, it will be treated separately. We consider the following appellate arguments as applying to all defendants: (1) the motions for judgment of acquittal at the end of the State's case should have been granted; (2) the verdict was against the weight of the evidence; (3) the court's charge to the jury on possession of firearms with a purpose to use them unlawfully against the person or property of another unconstitutionally shifted the burden of proof to defendants and denied them due process, and (4) certain of the convictions should have been merged at the time of sentencing.

I. DENIAL OF MOTION FOR JUDGMENT OF ACQUITTAL
A motion made by defendant Williams for a judgment of acquittal at the end of the State's case was treated as having been made by all defendants and denied by the trial judge. It *208 is well settled that at the close of the State's case the trial judge must grant defendant's motion to acquit if "the evidence is insufficient to warrant a conviction." R. 3:18-1. The question the trial judge must determine is "whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt." State v. Brown, 80 N.J. 587, 591 (1979), citing with approval State v. Reyes, 50 N.J. 454, 458-459 (1967).
At the conclusion of the State's case, the evidence presented developed the following facts. Defendants Wade, Williams and Payne were observed at 3:01 a.m. seated in an automobile with the engine running and the headlights off. The car was stopped on the east side of West Street facing north, just north of the intersection of Monmouth and West Streets in Red Bank. A vacuum cleaner store, located on the northeast corner of that intersection faces Monmouth Street and has a parking lot on the west and north side of the building reached by a driveway from West Street. Approximately seven to ten feet from the east side line of West Street is a row of hedges approximately seven feet high and running about 15 to 20 feet along the west side of the parking lot.
The four-door automobile was first observed by Police Officer Scott, riding as a passenger in a patrol car operated by Officer Kane, as they drove northbound on West Street past the vehicle. Wade was behind the wheel, Williams was in the rear seat behind Wade, and Payne was seated to the right of Williams also in the rear seat. The officer had previously observed Latimore walking east on Monmouth Street in front of the vacuum cleaner store.
The police officers went around the next block, came southbound on West Street, stopped and spoke to Wade who said he *209 was waiting for a friend who was visiting a cousin, and pointed to the area of Monmouth Street. The officers told defendants to leave the area. As the officers turned left into Monmouth Street, they observed Latimore now walking west on Monmouth Street toward the car. After making a U-turn, the police officers proceeded west on Monmouth Street and made a right turn into West Street. As they approached, Latimore again changed his direction away from the parked vehicle and walked to the northwest corner of the intersection. The officers again proceeded past the parked vehicle. When they were approximately one block beyond, Officer Scott looked back and observed the right rear door open and Payne, who he noted was shorter than the others and wearing a baseball cap, step out of the car and walk toward the hedges. The officer did not observe Payne carrying anything.
The patrol car turned around and returned to the parked vehicle. At this time, the officer asked defendants for identification, which they were unable to provide. Wade advised the officer that he did not own the vehicle, and Williams indicated that it was owned by Latimore who was then standing on the corner. In response to an inquiry from Officer Scott as to what he was doing out of the car near the bushes, Payne denied being out of the car. Latimore was called over to the car and presented his license, registration and insurance certificate. When the officers told him to leave the area, Latimore got behind the wheel, Wade moved to the passenger side, and the vehicle proceeded north on West Street.
The officers decided to go back and check the hedges. Upon doing so they found a 12-gauge sawed-off shotgun and a handgun lying on the ground underneath the hedges. A description of the vehicle and its occupants was relayed to headquarters. While writing down the information, Officer Coutu, in another patrol car, observed defendants' automobile turn into Monmouth Street from Bridge Street and proceed east past the intersection of Monmouth and West Street at a very slow rate of speed with the occupants looking back and forth and watching *210 his patrol car following them. The original officers stopped the vehicle and placed the four occupants under arrest. As a result of a search, they found a 12-gauge Remington shotgun shell in the pocket of the jeans worn by defendant Payne. A similar shell had been found in the barrel of the shotgun. Officer Coutu returned to the hedges about 15 minutes later and found a second handgun covered by two or three leaves in the same area where the other guns had been found. It was stipulated that the guns were operable and that a fingerprint on the sawed-off shotgun did not belong to any of the defendants.
In order to prove possession, the State must show "intentional control and dominion, the ability to affect physically and care for the item during a span of time, accompanied by knowledge of its character." State v. Brown, 80 N.J. at 597; State v. Davis, 68 N.J. 69, 82 (1975). "Possession does not necessarily mean actual physical possession; it is enough that defendant have `intentional control and dominion' over the object." State v. Humphreys, 54 N.J. 406, 413-414 (1969). Thus the law recognizes that possession may be constructive as well as actual. If two or more persons share actual or constructive possession of a thing, possession is joint, that is, if they knowingly share control over the article. Thus possession need not be exclusive but may be jointly exercised by two or more persons. State v. Brown, 80 N.J. at 597; State v. Puckett, 67 N.J. Super. 365, 376 (App.Div. 1960), aff'd 34 N.J. 574 (1961). Proof of possession may be by circumstantial evidence as well as direct evidence. See State v. Humphreys, 54 N.J. at 413-414; State v. Reyes, 98 N.J. Super. 506, 512 (App.Div. 1968), certif. den. 51 N.J. 582 (1968); State v. Rajnai, 132 N.J. Super. 530, 536 (App.Div. 1975).
We have carefully examined all of the evidence presented by the State, and all inferences which could reasonably be drawn therefrom, and conclude that the motion was properly *211 denied. The observation made by Officer Scott of Payne going from the automobile to the hedges, coupled with the discovery underneath those same hedges of the shotgun and two handguns, and the 12-gauge shotgun shell in Payne's pocket, are all sufficient circumstances to create an inference that the guns had been in the automobile. There was direct evidence that Wade, Williams and Payne were all in the automobile at the time Payne was observed leaving it and that Latimore owned the automobile and drove it from the scene. Clearly the sawed-off shotgun, received into evidence, was the type of weapon the possession of which is prohibited by N.J.S.A. 2C:39-3b.
Defendants contend that the evidence was insufficient to show possession of the firearms with a purpose to use them unlawfully against the person or property of another under N.J.S.A. 2C:39-4a.
At the time it was observed by the police, the car was parked, at 3:01 a.m., with the engine running and the lights out, in a residential and commercial area, with a man walking in front of a commercial establishment. Only Latimore produced identification. Although he was observed by Officer Scott, Payne denied getting out of the car. After being directed to leave the area, the vehicle returned to the scene where the guns had been left. All of these proven circumstances, coupled with the statutory inference of possession of weapons found in a vehicle by all occupants of that vehicle, are sufficient to establish joint possession of these weapons by all four occupants. The circumstance that the vehicle was parked at an early hour of the morning with the engine running and the lights out is sufficient to support an inference that the weapons were possessed with a purpose to use them unlawfully at least against the property of another. See State v. Brown, 80 N.J. at 596, and State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970), as to inferences created by incriminating circumstances.

*212 II. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE
Initially it is noted that none of the defendants made a motion for a new trial. Therefore a contention that the verdict was against the weight of the evidence is not cognizable on this appeal. R. 2:10-1; see State v. McNair, 60 N.J. 8, 9 (1972). In any event, the contention is totally without merit. As noted under Point I, the evidence adduced and reasonable inferences that could be drawn from that evidence were amply sufficient to warrant defendants' conviction. After the State rested (and Wade's counsel had summed up), defendant Latimore testified. Although he denied knowledge of the presence of the weapons in the automobile, he confirmed much of the officers' testimony and described how the parties came to be at the scene. His contention that he was directed to the scene by Williams who told him to go to his cousin's house, a man Latimore had never met, and ask him to come out at three o'clock in the morning and that he was confused in locating the house because he had been drinking was all of extremely questionable credibility. He acknowledged displaying his credentials to the officers and that he was driving the vehicle on that evening.
We are satisfied that there was sufficient evidence from which the jury could find defendants guilty of the charges against them beyond a reasonable doubt.

III. THE CHARGE
It is contended that in his charge the trial judge improperly shifted the burden of proof to defendants as to the element that possession of the weapons was for an unlawful purpose. In an effort to explain this element of the crime, the trial judge gave examples of what might be lawful possession of a weapon and then stated:
So, the question may best be looked at by trying to determine whether there is some indication that the possession was for a lawful purpose, and in the *213 absence of proofs, showing that there was a lawful purpose, you could conclude that the purpose was for unlawful use against another, but again, let me point out to you, that is not the defendants' contention. Their contention doesn't get to that because it is their contention they did not possess any of these firearms.
No objection was made to the charge and consequently no basis for appellate review exists unless the challenged language qualifies as plain error (R. 2:10-2), "that is, legal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970).[3]
In any event, the issue raised is without merit. Portions of a charge alleged to be erroneous cannot be dealt with in isolation but the charge must be examined as a whole to determine its overall effect. See State v. Wilbely, 63 N.J. 420, 422 (1973). We have carefully examined the trial judge's charge and conclude that he sufficiently instructed the jury as to all of the elements of the offenses and the State's burden to prove each of those elements beyond a reasonable doubt. In addition to the charge itself, at the outset of the trial in explaining the opening by the prosecutor, the trial judge told the jury:
Bear in mind, in a criminal case, defendants don't have to prove anything. So, whether or not defense attorneys address you, whether or not they call witnesses, whether or not the defendants testify is a matter for them. The burden in a criminal case is on the State.
In the charge, he correctly instructed the jury as to the presumption of innocence and then repeated:
Now, I allude to the State proving it because I think I told you the burden of proof in a criminal case is on the State. It never shifts. The defendants never have to prove their innocence. They don't have to testify. They don't have to *214 call witnesses. It is for the State to prove the crimes charged and each of their elements beyond a reasonable doubt. Unless the State has carried that burden of proof, the defendants are entitled to an acquittal.
Taken in its entirety, the charge by the trial judge fully and fairly instructed the jury, and defendants were in no way denied a fair trial nor due process.

IV. MERGER
Defendant Wade contends that his convictions under Counts Five and Seven for possession of two handguns without a permit to carry should be merged. He also contends that his convictions under Counts Six and Eight for possession of the handguns for an unlawful purpose should likewise be merged. Finally, he asserts that the possessory offenses, as well as his conviction under Count One for possession of a sawed-off shotgun, should be merged with his convictions under Counts Two, Six and Eight for possession of these three firearms for unlawful purposes.
Initially, it is noted that this issue was not raised by Wade before the trial judge and ordinarily the appellate court will not consider questions or issues not presented to the trial court. Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973). However, because of its importance, we have decided to address it. Furthermore, none of the other three defendants raised this issue. However, if Wade is entitled to the relief that he seeks and any of these offenses should be merged, clearly all of the defendants would be entitled to the same relief.
In State v. Gaines, 147 N.J. Super. 84, 94 (App.Div. 1975), aff'd o.b. 72 N.J. 346 (1977), we concluded: "... we are satisfied that the crime of possessing at one time in one motor vehicle several revolvers, without a permit, was intended by the Legislature to be a single offense." There, the court was constructing N.J.S.A. 2A:151-44 which read, in pertinent part: "One permit shall be sufficient for such revolvers, pistols or other firearms as the applicant may possess." *215 The language in the Penal Code has been somewhat altered to read, "One permit shall be sufficient for all handguns owned by the holder thereof, but the permit shall apply only to a handgun carried by the actual and legal holder of the permit." See N.J.S.A. 2C:58-4a. We do not consider that this change in language alters the reasoning of the court in State v. Gaines with regard to merger. The gravamen of the offense is the failure to have a permit. Under the Penal Code, if a defendant had such a permit it would cover all handguns owned by him but not necessarily all handguns possessed by him as provided by N.J.S.A. 2A:151-44. One can knowingly control something without owning it and be guilty of unlawful possession. See State v. Brown, 80 N.J. at 598. In the instant case however, no evidence was adduced as to the ownership of the guns and the constructive possession was alleged to be joint. Therefore, we conclude that the convictions under Counts Five and Seven for possession of each of the handguns without a permit should have been merged.
It is next contended that both of the handguns were possessed for an unlawful purpose as part of the same criminal episode, and therefore they should be merged into one offense of possession of weapons for an unlawful purpose. Again, the essence of the offense is the unlawful purpose for which the weapons are possessed, and that purpose is neither expanded nor diminished by the quantity of weapons constructively possessed by defendants. Our Supreme Court has set forth its views on merger in State v. Davis, 68 N.J. 69 (1975), and State v. Best, 70 N.J. 56 (1976). The Legislature has dealt with the topic in the Penal Code, N.J.S.A. 2C:1-8. Applying these principles, we have concluded that Counts Six and Eight, charging possession of the handguns for unlawful purposes, should be merged.
Lastly, it is contended that the possession without a permit offenses are included offenses of possession for unlawful purposes and therefore should be merged into the greater *216 offense. We disagree. Although the mere possession offenses are crimes of the third degree, whereas possession for unlawful purpose is a crime of the second degree, we conclude that they are not included offenses within N.J.S.A. 2C:1-8d, and therefore defendants were properly convicted of each of these offenses. We believe both the reasoning of the Supreme Court in State v. Davis and State v. Best, and the language of the Legislature in the Penal Code, N.J.S.A. 2C:1-8, do not support the contention advanced. Accordingly, defendants were properly convicted of possession of a shotgun, a prohibited weapon, and the handguns without a permit, and at the same time of possession of these same weapons for unlawful purposes.
Counts Five and Seven will be merged, and Counts Six and Eight will be merged, to the end that defendants stand convicted of Counts One, Two, Five and Six, but because of the merger of Counts Seven and Eight, the separate sentences imposed on those counts will be vacated.
Defendants Williams and Latimore received the exact same sentence of ten years on each of Counts Two, Six and Eight, to run concurrently with each other, and five years on Counts One, Five and Seven, to run concurrently with each other and with the sentences imposed on Counts Two, Six and Eight, with a four-year minimum parole ineligibility. Wade received a similar sentence, i.e., ten years on Counts Two, Six and Eight, to run concurrently with each other, and five years on Counts One, Five and Seven, to run concurrently with each other but consecutive to the sentences imposed on Counts Two, Six and Eight, with a four-year minimum parole ineligibility. Payne received an extended term of 20 years on each of Counts Two, Six and Eight, to be served concurrently with each other, with a ten-year parole ineligibility, and five years on Counts Five and Seven, to run concurrently with each other and with the sentence imposed on Counts Two, Six and Eight, and five years on Count One, to run consecutive to the sentences imposed *217 on the other counts.[4] All of the sentences imposed included violent crimes compensation penalties. The fact that the sentences which we have vacated were imposed concurrently does not alter their illegality. See State v. Hill, 44 N.J. Super. 110, 113 (App.Div. 1957).

V. SEPARATE ISSUES
We turn now to those issues which only apply to certain of the defendants. Defendant Payne separately advances the argument that N.J.S.A. 2C:39-2b creates an impermissible presumption. The same legal argument was rejected by us in State v. McCandless, 190 N.J. Super. 75 (App.Div. 1983), certif. den. 95 N.J. 210 (1983), where we upheld the constitutionality of that section. Our review of the charge here satisfies us that the trial judge followed the principles set forth in the McCandless case. At no time did he refer to the existence of a presumption, and he clearly left it to the jury as to the inference that they may draw from the absence of evidence of the existence of a permit. We find no merit to defendant's contention.
Next defendant Payne contends that the trial judge should have conducted a hearing before imposing an extended term of 20 years with a ten-year parole ineligibility on each of the charges of possession of weapons for an unlawful purpose in violation of N.J.S.A. 2C:39-4a.
The criteria for the imposition of an extended term of imprisonment are set forth in N.J.S.A. 2C:44-3. Presumably, the criterion applicable to this case is subdivision d, "Second offender with a firearm," which reads as follows:

*218 The defendant is at least 18 years of age and has been previously convicted of any of the following crimes: 2C:11-3, 2C:11-4, 2C:12-1b, 2C:13-1, 2C:14-2a, 2c:14-3a, 2C:15-1, 2C:18-2, 2C:29-5, 2C:39-4a or has been previously convicted of an offense under Title 2A of the New Jersey Statutes which is equivalent of the offenses enumerated in this subsection and he used or possessed a firearm, as defined in 2C:39-1f, in the course of committing or attempting to commit any of these crimes, including the immediate flight therefrom.
N.J.S.A. 2C:43-6c is also applicable and provides, in pertinent part:
A person who has been convicted of an offense enumerated by this subsection[5] and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d, shall be sentenced by the court to an extended term as authorized by 2C:43-7c, notwithstanding that extended terms are ordinarily discretionary with the court.
N.J.S.A. 2C:43-6d clearly provides: "The court shall not impose a mandatory sentence pursuant to subsection c of this section, 2C:43-7c or 2C:44-3d unless the ground therefore has been established at a hearing." Also, N.J.S.A. 2C:44-6e provides:
The court shall not impose a sentence of imprisonment for an extended term unless the ground therefor has been established at a hearing after the conviction of the defendant and on written notice to him of the ground proposed. The defendant shall have the right to hear and controvert the evidence against him and to offer evidence upon the issue.
N.J.S.A. 2C:43-6d provides what must be established at the hearing required by that section:
At the hearing, which may occur at the time of sentencing, the prosecutor shall establish by a preponderance of the evidence that the weapon used or possessed was a firearm. In making its finding, the court shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing, or other court proceedings and shall also consider the presentence report and any other relevant information.
At the time Payne was sentenced, the trial judge did conduct a hearing as required by N.J.S.A. 2C:43-6d in connection with the charge of armed robbery contained in Indictment No. 205-81 *219 to which defendant had pled guilty.[6] Defendant and his counsel fully participated in that hearing. The trial judge made a finding that the weapon possessed in the armed robbery was a firearm. In reaching that finding, he utilized in part the evidence and stipulations received at the trial of Indictment No. 125-81. Clearly, the statute authorized the trial judge to utilize the information adduced at the trial of Indictment No. 125-81 in making his determination on the applicability of the Graves' Act to Indictment No. 205-81. Yet, a further finding was necessary in order to impose an extended term on Indictment No. 125-81, i.e., that defendant had been previously convicted of any of the crimes enumerated in N.J.S.A. 2C:44-3d. At the time of his conviction on Indictment No. 125-81, Payne had not yet entered his plea of guilty to Indictment No. 205-81, although he was sentenced on both indictments at the same time. Imposition of an extended term on Indictment No. 205-81 could be grounded upon the previous conviction on Indictment No. 125-81.[7] However, on this appeal we deal with the extended term imposed on Indictment No. 125-81.
In considering the extended term imposed on Indictment No. 125-81, it was necessary for the court to make a finding that defendant had previously been convicted of any of the crimes enumerated in N.J.S.A. 2C:44-3d. The finding by the trial judge of the ground for imposition of the extended terms incorporated in the record, as required by N.J.S.A. 2C:44-3, is as follows:

*220 I would note that the date of the offense involved and the nature of the defendant's prior convictions dictate a mandatory imposition of extended term between 10 and 20 years and the establishment of a mandatory parole memo [sic] of one-third to one-half of the term imposed, not less than five years for the violation of 2C:39-4a.
N.J.S.A. 2C:43-6d requires that the court consider the presentence report in making its finding. We note that Payne's presentence report contains a history of defendant's prior convictions which seem to include "robbery with a shotgun" in March 1972, and armed robbery in September 1974. However, because of the dire consequences of an extended term, we believe that reliance upon information contained in the presentence report is insufficient to find defendant's previous conviction of the requisite offenses as a ground for the imposition of an extended term. We recognize that defendant had probably received a copy of the presentence report, including his prior record, and had the opportunity to advise the sentencing judge of any errors in that report. However, defendant may not have known that the judge intended to impose an extended term on Indictment No. 125-81 grounded upon that prior record.
We do not believe that the hearing required by N.J.S.A. 2C:43-6d was intended to supercede or replace the hearing before the imposition of an extended term required by N.J.S.A. 2C:44-6e. Under the latter section, defendant was entitled to written notice of the ground proposed for the imposition of an extended term and the opportunity "to hear and controvert the evidence against him and to offer evidence upon the issue." The fact that application by the prosecutor is not required if the grounds specified in N.J.S.A. 2C:44-3d are found and the extended term is mandatory, see State v. Roth, 95 N.J. 334, 360 (1984), does not eliminate the requirements that written notice be given to defendant of the ground or grounds proposed and that he be given the opportunity to hear and controvert the evidence against him and to offer evidence upon the issue, as required by N.J.S.A. 2C:44-6e. There is no indication that defendant Payne received written notice that the *221 judge intended to impose an extended term on Indictment No. 125-81 and, in the absence of notice, receipt by defendant of the prior record, as contained in the presentence report, did not give him the opportunity to controvert that information and to offer any evidence concerning it.
Although defendant conceded in his brief that by the application of N.J.S.A. 2C:43-6c and 2C:44-3d the sentencing judge was required to impose an extended term as authorized by N.J.S.A. 2C:43-7c, we disagree. As noted in footnote 7, the amendment to N.J.S.A. 2C:43-6c by L. 1982, c. 119, § 1, makes a distinction between a conviction under N.J.S.A. 2C:39-4a of possession of a firearm with intent to use it unlawfully against the person, as distinguished from the property of another. By virtue of that amendment it now appears that to impose an extended term under N.J.S.A. 2C:43-6c it will be necessary to obtain, by special interrogatory, a finding by the jury as to whether or not a conviction under N.J.S.A. 2C:39-4a is for possession of a firearm with intent to use it unlawfully against either the person or property of another, or both.
This amendment did not become effective until August 31, 1982, several months after this case was tried and defendant sentenced. Therefore, the trial judge concluded that an extended term was mandatory because of defendant's present conviction of a violation of N.J.S.A. 2C:39-4a and because of his previous convictions of the appropriate crimes as shown in his presentence report. However, the evidence presented in support of Counts Two, Six and Eight of Indictment No. 125-81 does not indicate the presence of any persons in the area at the time that defendants possessed the guns, so there was no proof of an intent to use those guns unlawfully against the "person" of another, except by the inference that some person may appear during the course of a criminal act.
Even though this trial preceded the amendment, Section 2 of Chapter 119, of the Laws of 1982, establishes a new section, N.J.S.A. 2C:43-6.1 which provides as follows:

*222 Any person who, on the effective date of this amendatory and supplementary act, is serving a minimum mandatory sentence as provided for by N.J.S. 2C:43-6c solely as a result of his conviction under subsection a of N.J.S. 2C:39-4 for the possession of a firearm with intent to use it against the property of another and has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court. For good cause shown the court may impose any sentence which would have otherwise been available for such person.
This language would seem to indicate that the extended term imposed in this case would be subject to review by the sentencing court if defendant had been convicted under Counts Two, Six and Eight for possession of the weapons with intent to use them unlawfully against the "property" as distinguished from the "person" of another. Therefore, retroactive application of the amendment to N.J.S.A. 2C:43-6c seems appropriate.
We conclude that defendant was entitled to written notice of the intention to impose a sentence of imprisonment for an extended term on Counts Two, Six and Eight of Indictment No. 125.81. Where, as here, application by the prosecutor is not required in order to impose an extended term the court should direct the prosecutor to give the required written notice. We further conclude that at the hearing defendant had a right to hear and controvert the evidence against him and to offer evidence upon the issue. Before imposing an extended term, the sentencing judge was required to make a finding that defendant had previously been convicted of any of the offenses enumerated in N.J.S.A. 2C:44-3d. Such prior conviction is to be established at the hearing by certified copy of the judgment of conviction. The prosecutor should be directed to obtain such certified copy of the judgment or judgments of conviction for introduction at the hearing at the same time that notice is given to defendant of the ground proposed for imposition of the extended term. This procedure will afford defendant the notice and opportunity to controvert the evidence against him as required by N.J.S.A. 2C:44-6e.
The extended terms of 20 years imposed on Counts Two, Six (and Eight) of Indictment No. 125-81 are vacated and *223 remanded to the trial judge for resentencing on Counts Two and Six. An extended term can not be imposed on these counts. First, even if it were established at a hearing that defendant had been previously convicted of the appropriate crimes enumerated in N.J.S.A. 2C:44-3d and 2C:43-6c, a mandatory extended term would not be required since there was no evidence that the guns were possessed with a purpose to use them unlawfully against the person, as distinguished from the property, of another. Furthermore, in the circumstances presented, the trial judge has no discretionary power to impose an extended term. Although the sentence imposed on Indictment No. 205-81 is not presently before us, we note that an extended term was also imposed on that indictment. See footnote 4. N.J.S.A. 2C:44-5a(3) provides that "no more than one sentence for an extended term shall be imposed" where a defendant is being sentenced for more than one offense at the same time. Here, defendant was sentenced on Indictment No. 125-81 and Indictment No. 205-81 at the same time, with the sentences being made concurrent in accordance with the plea agreement. The mandatory language of N.J.S.A. 2C:44-5a(3) precludes the imposition of more than one sentence for an extended term even if they are to be served concurrently. Having imposed an extended term on Indictment No. 205-81, the trial judge has no authority to impose an additional extended term on Indictment No. 125-81.
Lastly, defendants Payne and Williams complain that the sentences imposed upon them were unduly excessive. Our Supreme Court has recently laid down guidelines for appellate review of sentences. In State v. Roth, 95 N.J. 334 (1984), the court said:
In this context of appellate review of sentencing, then, an appellate court can perform these review functions within its traditional mode. It can (a) review sentences to determine if the legislative policies, here the sentencing guidelines, were violated; (b) review the aggravating and mitigating factors found below to determine whether those factors were based upon competent credible evidence in the record; and (c) determine whether, even though the court sentenced in accordance with the guidelines, nevertheless the application of the *224 guidelines to the facts of this case makes the sentence clearly unreasonable so as to shock the judicial conscience. [at 364-365]
See also State v. Whitaker, 79 N.J. 503, 512 (1979). The sentencing guidelines are set forth in the Penal Code.
R. 3:21-4(e) provides:
Reasons for sentence. At the time sentence is imposed the judge shall state his reasons for imposing such sentence including his findings pursuant to the criteria for withholding or imposing imprisonment or fines under N.J.S.A. 2C:44-1 to 2C:44-3 and the factual basis supporting his finding of particular aggravating or mitigating factors affecting sentence.
See also N.J.S.A. 2C:44-1f(1). In this case the trial judge gave as reasons for sentence in the case of Payne: "Defendant committed serious crimes and must be removed from society for an extended period," and as to defendant Williams: "Defendant has a record resulting in part from his drug addiction. A custodial sentence is mandatory and punitive." These truncated articulations of reasons make it difficult for an appellate court to review the aggravating and mitigating factors found by the trial judge to determine whether those factors were based upon competent credible evidence in the record as suggested by the Supreme Court in State v. Roth. See also State v. Sanducci, 150 N.J. Super. 400 (App.Div. 1977), certif. den. 75 N.J. 524 (1977), and State v. Ingenito, 169 N.J. Super. 524 (App. Div. 1979), rev'd on other grounds 87 N.J. 204 (1981); cf. State v. Davis, 175 N.J. Super. 130 (App.Div. 1980), certif. den. 85 N.J. 136 (1980).
The matter will be remanded to the trial judge for a meaningful statement of reasons for the sentences imposed in compliance with R. 3:21-4(e). Defendant Payne will be afforded an additional review of his sentences upon consideration of this appeal as it relates to Indictment No. 205-81. In his statement of reasons for sentence, the trial judge is instructed to include the sentence imposed on Indictment No. 205-81. As to defendant Williams, we note that his counsel stated at sentencing: "He certainly knows he has to serve a period of time in jail and *225 he also knows at least from discussions with myself that he knows he has to serve at least three years before he's eligible for parole." The sentence imposed calls for a minimum of four years parole ineligibility. If upon enlargement of the reasons for the sentence imposed Williams still challenges those sentences as excessive, he may make application to this court for further consideration of that argument.
The convictions are affirmed except as to Counts Seven and Eight which are merged, and the sentences imposed on those counts are vacated. As to Payne, the sentences imposed on Counts Two and Six are vacated and the matter remanded to the trial judge for resentencing in accordance with this opinion. On such resentencing, the trial judge may not impose extended terms. On remand, the trial judge shall set forth expanded statements of reasons for the sentences imposed upon Payne and Williams in accordance with R. 3:21-4(e), including the sentence imposed on Indictment No. 205-81. Other than as herein indicated, we do not retain jurisdiction.
NOTES
[1] Count Three charged defendant Williams only, and Count Four charged defendant Wade only, with possession of the weapons by a person convicted of certain crimes in violation of N.J.S.A. 2C:39-7. Both counts were severed before trial and later dismissed on motion of the prosecutor.
[2] Defendant Tyrone Payne included in his notice of appeal both his conviction on Indictment No. 125-81 and his conviction by his plea to the first count of Indictment No. 205-81 which charged him with first degree armed robbery in violation of N.J.S.A. 2C:15-1a. The brief filed with this court only addresses his conviction under Indictment No. 125-81. We were advised at oral argument that defendant has filed a separate brief in which he addresses his appellate arguments to Indictment No. 205-81. Those arguments will not be dealt with in this opinion nor will his appeal on Indictment No. 205-81 be decided, notwithstanding that it has the same docket number. That portion of his appeal remains open and undecided.
[3] We note that the attorney for defendant Payne was replaced by a substitute during the charge.
[4] On Indictment No. 205-81, the first count of which charged armed robbery to which defendant pled guilty, he was sentenced to an extended term of 50 years, with a 25-year period of parole ineligibility, to run concurrently with the sentences imposed under Indictment No. 125-81, pursuant to the plea agreement.
[5] These are the same as those enumerated in N.J.S.A. 2C:44-3d except in N.J.S.A. 2C:43-6c as amended in 1982 a conviction under N.J.S.A. 2C:39-4a is limited to possession of a firearm with intent to use it against the person of another and not the property. See L. 1982, c. 119, § 1, effective August 31, 1982, subsequent to the date of defendant's convictions in this case. N.J.S.A. 2C:39-4a uses the words "with a purpose" rather than "with intent."
[6] The plea agreement on Indictment No. 205-81 contemplated that if the trial judge made a determination that the Graves' Act was applicable, the sentence imposed for the armed robbery would be concurrent with the sentences to be imposed on Indictment No. 125-81.
[7] While the Legislature amended N.J.S.A. 2C:43-6c to include convictions under N.J.S.A. 2C:39-4a only for possession of a firearm with intent to use it unlawfully against the person of another, it did not similarly amend N.J.S.A. 2C:44-3d which continues to include N.J.S.A. 2C:39-4a, not restricted to unlawful use against the person of another.