211 N.J. Super. 349 (1986)
511 A.2d 1212
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARK PALMER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 20, 1986.
Decided June 25, 1986.
*351 Before Judges ANTELL and SHEBELL.
Thomas S. Smith, Jr., Acting Public Defender, for appellant (H. Lee Wearing, designated counsel, of counsel and on the brief).
George L. Schneider, Essex County Prosecutor, for respondent (Brian W. Mason, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendant appeals his manslaughter (N.J.S.A. 2C:11-4) and hindering apprehension (N.J.S.A. 2C:29-3b(4)) convictions and sentences following a jury trial on an indictment charging murder (N.J.S.A. 2C:11-3a(1), (2)), unlawful possession of a handgun with purpose to use it unlawfully against another (N.J.S.A. 2C:39-4a) and hindering his own apprehension by volunteering false information. He was sentenced to a term of 12 years with four years of parole ineligibility on his conviction for manslaughter and to a concurrent term of three years on the hindering apprehension conviction.
He alleges the following:
Point I  The Graves Act is inapplicable to defendant.
Point II  The trial court committed reversible error by failing to properly instruct the jury on the elements of aggravated manslaughter. (Not Raised Below).
Point III  The sentence imposed upon the defendant by the trial court is excessive and violative of the sentencing guidelines.
*352 Defendant asserts for the first time on appeal that "the trial court committed reversible error by failing to properly instruct the jury on the element of aggravated manslaughter." He points out that the trial judge stated:
Criminal homicide constitutes aggravated manslaughter when the actor purposely or knowingly causes death under circumstances manifesting an extreme indifference to human life. [Emphasis ours].
It is clear the trial judge misspoke with respect to this portion of the jury instruction, N.J.S.A. 2C:11-4a; however, the court recharged the jury and gave a very clear definition of aggravated manslaughter which included the requirement that the conduct be done recklessly under circumstances manifesting an extreme indifference to human life, which he defined as conduct that is practically certain to kill anyone who might happen to be in the way. The court's original error favored defendant as it put a greater burden on the State than is provided for in the statute. The trial judge's error was not capable of producing an unjust result. R. 2:10-2; State v. Hock, 54 N.J. 526, 538 (1969), cert. den. 339 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970).
Defendant makes a two-pronged attack upon his sentence. He urges that the Graves Act is inapplicable, and that the sentence imposed is excessive and violative of sentencing guidelines.
The Graves Act, N.J.S.A. 2C:43-6c, declares in pertinent part:
A person who has been convicted ... of a crime under ... 2C:11-4 [aggravated manslaughter] ..., who, while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm as defined in 2C:39-1f., shall be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term. The minimum term shall be fixed at, or between, one-third or one-half of the sentence imposed by the court or 3 years, whichever is greater, .... [Emphasis ours].
N.J.S.A. 2C:43-6d provides that the court shall not impose a mandatory sentence pursuant to subsection c unless the ground has been established at a hearing. Here, the hearing was held at the time of sentencing and the trial judge found:

*353 There is no question that a weapon was used, which is the language of the statute. I think based on the language of the statute, the intent of the Graves Bill, which is to have a very strong deterent [sic] effect on people who have weapons and may use them in any manner or run the risk that they may be used, plus the facts as found by the jury in their verdict of aggravated manslaughter, makes it indelably [sic] clear that this case both literally and in substance falls under the perview [sic] of the Graves Bill.
I am satisfied that the State has met its burden at this hearing; that under the language of 2C:43-6D, that this particular conviction falls squarely under the section that the weapon used was a firearm; and it was by the Defendant.
And the jury so found in its conviction on aggravated manslaughter. So, this Court will sentence Mark Palmer under the Graves Bill.
N.J.S.A. 2C:43-6d further provides that:
At the hearing, which may occur at the time of sentencing, the prosecutor shall establish by a preponderance of the evidence that the weapon used or possessed was a firearm. In making its finding, the court shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing, or other court proceedings and shall also consider the presentence report and any other relevant information.
While the precise language of the statute places the burden upon the State to establish by a preponderance of the evidence that the weapon was a firearm, it is also clear that the State must carry the same burden of demonstrating that any weapon implicated in the crime was used or possessed by the defendant. State v. Stewart, 96 N.J. 596, 605-606 (1984).
Under defendant's version of the incident resulting in his aggravated manslaughter conviction, he asserts that he and the decedent were friends and that while playfully reaching to see what she was hiding he felt a gun underneath her coat. He claims he asked her to give him the gun, which he admittedly was entitled to possess in his own apartment where the incident occurred, and that while the gun was still in her hand underneath her coat, the gun discharged as the two wrestled over it.
We are unable to agree with defendant's position that the jury verdict of not guilty on the charge of possession of a firearm for an unlawful purpose requires that the sentencing judge find as a fact that defendant did not possess the firearm within the meaning of the Graves Act. See Stewart, 96 N.J. at 607. The jury could have concluded that defendant possessed *354 the firearm yet not have been convinced beyond a reasonable doubt that he possessed it with the purpose to use it unlawfully against another. N.J.S.A. 2C:39-4a. In addition, a jury conviction requires proof beyond a reasonable doubt, N.J.S.A. 2C:1-13a, whereas the Graves Act merely requires that the evidence preponderate in favor of applicability. N.J.S.A. 2C:43-6d.
None can disagree but that the purposes of the Graves Act, "to ensure incarceration of those who arm themselves before going forth to commit crimes," and to end "the presence of guns at the scene of crimes" are most laudatory. State v. Des Marets, 92 N.J. 62, 69-70 (1983). While penal statutes must be strictly construed, Neeld v. Giroux, 24 N.J. 224, 229 (1957), the paramount goal of statutory interpretation is to ascertain the intent of the legislature. State v. Provenzano, 34 N.J. 318, 322 (1961); State v. Grant, 196 N.J. Super. 470, 480-481 (App.Div. 1984). The clear import of the statutory language is to be considered in the context of the entire section and given a common sense meaning which advances the legislative purpose. State v. Stern, 197 N.J. Super. 49, 53 (App.Div. 1984). Subsection d of the act clearly requires an independent determination of defendant's use or possession of a firearm based upon a consideration of all relevant material, not merely that adduced at trial or considered by the jury. Stewart, 96 N.J. at 606. Exclusive reliance on the jury's finding is an improper ground for applying the Graves Act. Ibid.
We therefore conclude that the trial judge's scant finding that "[t]here is no question that a weapon was used" is insufficient to support imposition of the mandatory Graves Act sentence. The trial judge was in error when he stated that the jury in its "conviction on aggravated manslaughter" found defendant used the firearm. It was incumbent upon the trial judge to specifically find that defendant used or was in possession of the handgun as defendant's conduct could have constituted aggravated manslaughter without his either using or possessing the firearm. N.J.S.A. 2C:11-4a; see Stewart, 96 *355 N.J. at 606-608. A clearer example would be a jury's finding of aggravated manslaughter in circumstances where a defendant tackled a person who was running with his own loaded unstable firearm causing it to go off, killing the victim. In those circumstances a prohibited crime has occurred with a firearm but the defendant neither used nor possessed the firearm within the contemplation of the Graves Act. N.J.S.A. 2C:43-6.
The trial judge in considering the applicability of the Graves Act at the hearing under N.J.S.A. 2C:43-6d shall upon remand consider the evidence, testimony and information adduced at the trial together with such other proper and relevant information as may pertain to the question and shall make specific findings as to whether the State has established by a preponderance of the evidence that defendant either used or possessed the firearm during the commission, attempted commission or flight from the crime for which he was convicted. Stewart, 96 N.J. at 605-606.
We are satisfied that if the Graves Act is applicable the sentencing judge did not abuse his discretion in imposing the terms objected to. State v. Roth, 95 N.J. 334, 365 (1984).
We affirm defendant's convictions but remand for a Graves Act hearing and reconsideration of sentence if required.